JOHN G. FAY and Another, Respondents, _v._ WILLIAM G. FAY and Others, Appellants.

_Sale in partition — resale._

On a sale in partition, the property was struck off to one of the parties, who paid to the referee ten per cent of his bid, but failed to complete the purchase; an order for a resale was made, with a direction that the former purchaser pay any deficiency, but this direction was stricken out by stipulation; the resale was thereafter had, and it appeared that on the resale the referee either refused to receive a bid from the former purchaser because of his default in completing the first sale, or refused to allow the ten per cent received from such purchaser on the first sale to be applied on the cash payment required on the resale, and struck off the property to another party.

_Held,_ that, on either state of facts, the second sale was not fair, and that an order setting it aside and granting another resale was proper.

APPEAL by the defendants, William G. Fay and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of Westchester county on the 21st day of December, 1892, setting aside a resale of property in partition and directing another sale thereof.

_Herman Vogel_, for the appellants.

_John McKrone_, for the respondents.

BARNARD, P. J.:

On the 11th of June, 1892, certain premises in Westchester county were, under a sale in partition, struck off by the referee to John G. Fay, one of the plaintiffs, for $29,650. The purchaser paid ten per cent and failed to complete the sale. An order for a resale was subsequently made with a direction that the former purchaser pay any deficiency. On this resale the property was struck off to Henry A. Fay, one of the defendants, for $15,250. This sale was

made on the 20th of October, 1892. Before the sale, on the 13th of September, 1892, the clause subjecting John G. Fay to the loss upon a resale, if any, was upon a written consent and stipulation between the attorneys stricken out of the order directing a resale. Upon this resale, the plaintiff, John G. Fay, claimed to have made a bid and that his bid was refused. This bid was one of $22,000 for the property. The papers show a serious discrepancy upon the fact. Mr. McKrone says he heard such a bid and its refusal. Others support him. The referee states that he refused to take an order on the ten per cent paid in by John G. Fay on the first sale. In either case there should be a resale. If the referee refused to receive a bid from John G. Fay because of his default in completing the first sale made the resale should not stand. If the referee refused to accept the ten per cent so far as the money in his hands belonging to John G. Fay would go, the sale should not stand. When the clause striking out his liability for a deficiency was stricken out, this ten per cent was free and belonged to John G. Fay. The order striking out the clause was a part of the case and the referee was bound to accept it as such. There are many other facts stated in the case which have no relevancy except to bewilder the question decided. The first sale was confirmed and not carried out by the purchaser. The order for a resale held the first purchaser liable for deficiency, and by an agreement between the attorneys an order was made striking out this clause. The first purchaser had paid $2,960 to the referee on the first sale and upon the second sale, and after this order releasing him from liability, the referee refused to take any part of this $2,960 upon the ten per cent to be paid on such second sale. This sale should not stand because it was not fair. One of the owners was deprived of his right to bid on equal terms with the defendant who purchased at the resale.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.